UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>    vs.<br><br>LEE JAMES THAMES,<br><br>              Defendant. | 4:22-CR-40006-KES<br><br>**ORDER DENYING MOTION<br>TO REDUCE SENTENCE** |

Defendant, Lee James Thames, filed a motion under 18 U.S.C. § 3582(c)(2) requesting a reduction to his sentence pursuant to new retroactive Sentencing Guidelines provisions. Docket 54. Plaintiff, the United States of America, opposes Thame's motion. Docket 56. For the following reasons, Thame's motion for a sentence reduction is denied.

### DISCUSSION

The process for considering a § 3582(c) motion is well established. As the Supreme Court has made clear, § 3582(c) "does not authorize a . . . resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Rather, it provides only for the possibility of "a limited adjustment to an otherwise final sentence" following a "two-step approach." *Id.* at 826, 827.

"At step one, § 3582(c)(2) requires the court to follow the Commission's instructions . . . to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. As to whether the defendant is eligible for any reduction, "§ 1B1.10(b)(1) requires the court to begin by 'determin[ing] the amended guideline range that would have

been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* (quoting U.S.S.G. § 1B1.10(b)(1)). If the amendment would not have altered the defendant's sentencing range even if it had been applicable at the time of the defendant's sentencing, then the defendant is not eligible for a sentencing reduction. *See* U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the retroactive amendment] does not have the effect of lowering the defendant's applicable guideline range.").

Thames's guideline range, based on a total offense level of 43 and a Criminal History Category of I, was life, but because the statutorily authorized maximum of 30 years was less than the applicable guideline range, the guideline term was instead calculated at 360 months. Docket 45 ¶ 63. He received no "status points" for committing the instant offense while under a criminal justice sentence. *See generally id.* On December 29, 2022, the court signed an amended judgement sentencing Thames to a term of 320 months in federal custody for the offense of production of child pornography. Docket 51 at 1.

On June 4, 2024, Thames filed a motion requesting a reduction to his sentence pursuant to new retroactive Sentencing Guidelines provisions under 18 U.S.C. § 3582(c)(2). Docket 54.  Because Thames does not explain why his circumstances warrant relief under the guideline amendments, the court will analyze his motion under both Parts A and B to Amendment 821 to the

2

Sentencing Guidelines.

## I.   U.S.S.G. § 4A1.1(e)

In Part A to Amendment 821 to the Sentencing Guidelines, the

Sentencing Commission altered the "status points" provision regarding criminal

history, which now appears in U.S.S.G. § 4A1.1(e). The amended provision

states:

> Add one point if the defendant (1) receives 7 or more points under
> subsections [§ 4A1.1(a)] through (d), and (2) committed the instant
> offense while under any criminal justice sentence, including
> probation, parole, supervised release, imprisonment, work release,
> or escape status.

U.S.S.G. § 4A1.1(e). The Commission decreed that this change applies

retroactively. *See* § 1B1.10(e)(2) (Nov. 1, 2023).

Thames did not receive any "status points" for committing the instant

offense while under a criminal justice sentence; therefore, he is not eligible for

a reduction. *See generally* Docket 45.

## II.   U.S.S.G § 4C1.1

In Subpart 1 of Part B to Amendment 821 to the Sentencing Guidelines,

the Sentencing Commission added an adjustment for certain zero-point

offenders, which now appears in U.S.S.G. § 4C1.1. The provision states:

> If the defendant meets all of the following criteria: (1) the defendant
> did not receive any criminal history points from Chapter Four, Part
> A; (2) the defendant did not receive an adjustment under § 3A1.4
> (Terrorism); (3) the defendant did not use violence or credible
> threats of violence in connection with the offense; (4) the offense
> did not result in death or serious bodily injury; (5) the instant
> offense of conviction is not a sex offense; (6) the defendant did not
> personally cause substantial financial hardship; (7) the defendant
> did not possess, receive, purchase, transport, transfer, sell, or
> otherwise dispose of a firearm or other dangerous weapon (or

induce another participant to do so) in connection with the offense; (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights); (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; decrease the offense level determined under Chapters Two and Three by 2 levels.

U.S.S.G § 4C1.1.

Thames fails to meet the criteria for zero-point offenders, as outlined in U.S.S.G. § 4Cl.l(a), because the offense of conviction is a sex offense. *See* U.S.S.G. § 4C1.1(b)(2) (defining a "sex offense" as "an offense, perpetrated against a minor, under . . . chapter 110 of title 18, not including a recordkeeping offense"); Docket 1 (charging Thames with production of child pornography in violation of 18 U.S.C. §§ 2251(a) and 2251(e)). Thus, Thames is not eligible for a reduction under either the "status points" provision or the "zero-point offender" provision.

## CONCLUSION

It is ORDERED that Thames's motion (Docket 54) is DENIED.

Dated July 24, 2024.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

4